UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W. )
Washington, D.C. 20016, )
)
)
                                        Plaintiff, )
)
                  v. )
)
ARAMARK MANAGEMENT SERVICES, L.P. )
2569 Midland Drive )
Naperville, Illinois 60564, )
)
)
        Serve: Registered Agent )
        The Corporation Trust Company )
        Corporation Trust Center )
        1209 Orange Street )
        Wilmington, Delaware 19801, )
)
                           Defendant. )

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMGES DUE TO EMPLOYEE BENEFIT FUND)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1.    Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1). The Central Pension Fund is a

multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).   The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.   The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(1).

      2.      Defendant, Aramark Management Services Limited Partnership has a place of business at 2568 Midland Drive in Naperville, Illinois, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

      3.      This is an action to collect contributions due to an employee pension benefit plan under the terms of a collective bargaining agreement.   This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § § 1132(a)(3), (g) and 1145.

      4.      This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1332(e)(2).

      5.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6.      Defendant has been bound to and signatory at all relevant times to Collective Bargaining Agreements with International Union of Operating Engineers Local Union No. 148 that govern the wages, benefits and terms and conditions of employment of covered employees performing work covered by the Collective Bargaining Agreements at the St. Louis University Hospital.

7.      Pursuant to the Agreements, Defendant agreed to pay to the Plaintiff certain sums of money for each hour paid to employees of the Defendant performing work covered by the Agreements.

8.      During January 2013 to December 2015 the Defendant has employed employees performing work under the Agreements for whom contributions were due to the Plaintiff.

9.      During this period of time Defendant failed to pay to the Plaintiff the correct amount of contributions owed.

10.     Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, an employer who fails to pay required contributions is liable for liquidated damages.

11.      Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust and the Agreements, an employer who fails to pay required contributions is liable for interest.

12.     Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust and the Agreements, an employer who fails to pay required contributions is liable for all costs and attorneys' fees and audit costs.

## COUNT I

## (UNPAID CONTRIBUTIONS AND DAMAGES
## TO EMPLOYEE BENEFIT FUND)

13.     Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14.     In April 2016 Calibre CPA Group PLLC performed a payroll audit of the records supplied by the Defendant for Employer Identification Number 17686 and account number 123880 for the period of January 2013 to December 2015 for work performed under the Agreements within the jurisdiction of International Union of Operating Engineers Local Union No.148 at the St. Louis University Hospital.

15.     The results of the audit revealed that during the period of January 2013 to December 2015 the Defendant failed to pay all contributions owing to the Plaintiff under the Agreements in the total amount of $24,538.19.

16.     The Plaintiff first became aware of this delinquency as a result of the audit findings.

17.     The Defendant failed to pay the amount of contributions owing to the Plaintiff as revealed by the audit.

18.     By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Agreements, the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

19.     The Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Plaintiff as well as the cost of the audit.

20.     The Plaintiff is entitled to judgment for all remaining contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus attorneys' fees, costs and audit fees against the Defendant.

**WHEREFORE,** Plaintiff prays judgment for Count I against the Defendant as follows:

A.     For unpaid contributions due and owing to the Plaintiff for the period of January 2013 to December 2015 in the amount of $24,538.19.

B.     For liquidated damages and interest for any late and unpaid contributions owed as provided for in the Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

C.     Costs, audit and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Restated Agreement and Declaration of Trust through the date of judgment.

D.     Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  January 25, 2017          By:     _____
                                          R. Richard Hopp (Bar No. 432221)
                                          **O'DONOGHUE & O'DONOGHUE LLP**
                                          4748 Wisconsin Avenue, N.W.
                                          Washington, D.C. 20016
                                          Telephone: (202) 362-0041
                                          Facsimile: (202) 237-1200

                                          *Attorney for the Plaintiff*